[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a court trial. The plaintiff proceeded at trial on her amended complaint dated July 16, 1991. In sum and substance, she alleges in the first count that an agreement was entered into, time was incurred, bills were rendered, payments were made, and there is a balance due including costs, fees and interest. In the second count, the allegation is one of unjust enrichment. The defendant in her answer of April 6th, substantially denied the allegations of both counts. CT Page 445-A
On August 12, 1992, an amended counterclaim was filed which in the first count alleged a breach of contract and in the second count alleged a CUTPA violation. In addition, in the original answer the defendant had filed a special defense that all monies due the plaintiff had been more than paid.
This case was tried to the court. The court listened to all of the evidence presented by way of testimony and exhibits. In addition, the court took into consideration the applicable law and the trial memoranda filed by both attorneys.
This is basically a law suit brought by an attorney against a client. It is very difficult for a court to hear and rule in this kind of a case. The case is more than just a suit by an attorney, it is a suit by an attorney against her client who was the wife in a dissolution of marriage case.
As so often happens in dissolution of marriage cases, we see the attorneys line up to defend the rights of their clients in a very difficult situation for the parties. This case, it is CT Page 445-B abundantly clear, was a very difficult divorce in excess of 14 to 15 days of trial after a mistrial in the beginning. Substantial disputes arose over the valuations of the husband's car business and otherwise. It appears from the testimony of the witnesses that the parties were far apart when they went into the actual trial. What makes this case so difficult for a judge is that now we have the two people who were once aligned against the husband and his attorney fighting with each other over the balance of fees claimed to be due.
The relationship in this case it is clear to this court, was more than an attorney/client relationship. Both of the parties became friends during the course of time that they were working together in the dissolution of marriage. It is also clear to this court that had the resolution of the case been final as was set forth in Judge Driscoll's Memorandum of Decision, Exhibit I probably this lawsuit would not be pending. It is also clear to this court from the testimony that there was a grievance proceeding filed against the attorney.
It is also clear to this court that a modification took place CT Page 445-C of the Order of Judge Driscoll within a relatively short period of time after the judgment was entered. The defendant in this case the wife, was not represented by counsel at the time the modification took place which effectively reduced her payments approximately one-half from what she had been receiving as a result of Judge Driscoll's orders. All of this has polarized both of the parties to this law suit and made friends and attorney/client relationship broken, perhaps even worse than the marriage of the parties was broken as a result of this long dissolution of marriage proceeding.
It is now left up to this court to sort out in the absence of emotion, what fees if any, are due by either of the parties to the other. In a civil case, the burden of proof is by a preponderance of the evidence as it relates to either party who seeks to prove the issue. If the evidence is so evenly balanced that none of the evidence preponderates, then the party seeking to prove that issue has not prevailed.
By the defendant's special defense the claim is that monies due the plaintiff have been more than paid. The court finds that CT Page 445-D the defendant has failed to prove by a preponderance of the evidence that fact. As it relates to the amended counterclaim of August 12, the court finds that the defendant has failed to prove by a preponderance of the evidence that attorney O'Sullivan breached the contract in any of the ways set forth in Paragraph 2 of the first count of the amended counterclaim.
As to the second count, the CUTPA claim, the court finds that she again has failed to prove by a preponderance of the evidence any of the allegations in Paragraph 2 of the second count of the amended counterclaim. The court further finds that she has failed to prove by a preponderance of the evidence the allegations in Paragraphs 3, 4, 5, 6, 7 and 8 by a fair preponderance of the evidence.
The court heard attorney Falberg and is satisfied that it has been established by a fair preponderance of the evidence that attorney Falberg worked on this case, spent a substantial amount of time and rendered a bill to attorney O'Sullivan for work done, which bill was Exhibit 16 in the amount of $2,500.00 and the court finds that that was a fair and reasonable fee for the time CT Page 445-E expended.
The court has reviewed the retainer agreement which is plaintiff's Exhibit A. It is clear from this retainer agreement that attorney O'Sullivan put the burden on Jerryl Maniscalco to pay her bills. She states in simple declarative language "I will bill you monthly and you agree to pay promptly." It is clear from this language that the defendant herself was to pay the bill. It is not unusual for a judge as was done in this dissolution of marriage case, to order the husband to make a contribution towards the fee, but this does not remove the responsibility of the client from paying the balance. It is also clear to this court that in various documents, which consisted of D, E and F that there was an acknowledgement of balances due. None of the letters written raised the issue of quality of service and responsibility for payment. One is in October of 1989, one is in May of 1990 and another is in October of 1990.
On the financial affidavit, defendant's Exhibit 6, dated November 15, 1988, the defendant lists legal fees as of November 14, 1988 of $34,050.74. So it is clear at that point she knew the CT Page 445-F amount that was due. She carried that same amount on her May 19, 1989 affidavit again showing it only as of November 14th. In June of 1989 the financial affidavit signed by the defendant showed legal fees of $42,819.17 under liabilities. It is also clear that on July 28, an affidavit of services was filed in the case. Attorney O'Sullivan represented to the court that there was a balance due of $58,055.89.
The court has attached Exhibit J to this decision since it lays out clearly the claims. The court finds that of the monies paid in 1990, the defendant paid $9,100.00 and her husband paid $13,000.00. In addition, the court finds that the better evidence is that in 1988 based on Exhibits 10 and 11, $3,335.00 was paid. The court further finds that the better evidence as it relates to the times spent in the meetings with attorney Meyers and attorney O'Sullivan which attorney Meyers said on Exhibit 18 (but amended in court), to 40.8 for O'Sullivan and 20.9 for Meyer's hours is in equal weight. Therefore, the plaintiff has failed to establish the 40.8 hours that she claims. The court finds that the better evidence is 20.9 hours. In addition, the court is satisfied that the meeting of February 4, 1988 was in fact four hours with only CT Page 445-G one-half hour being with attorney Meyers. Accordingly, the court reduces the plaintiff's claim of 40.8 hours to 24.4 hours. Accordingly, the court finds that the plaintiff is to recover from the defendant the amount set forth on Exhibit J in the sum of $35,430.00 less credit of $2,788.00 for the hourly disputes and $1,135.00 for the payments made in 1988 for a total amount of credits of $3,923.00. Accordingly, the court finds that the preliminary balance due the plaintiff is the sum of $31,507.00
The court further reduces the amount due by $4,423.00 which is the interest claimed as per the retainer. The court finds that the plaintiff has not proven by a fair preponderance of the evidence how that amount was calculated, on what unpaid balances, from what period of time. In addition, the court notes in reviewing the bills that in the bill as on file as Exhibit M there is no claim for interest in that bill. The court further finds that the plaintiff has not established the reasonable value of the attorney's fees necessary to prosecute this action and accordingly denies the request for attorney's fees. Accordingly, judgment may enter for the plaintiff in the sum of $27,084.00 which is $31,570 less the $4,423.00. (See Schedule A attached hereto.) Judgment CT Page 445-H may also enter on the defendant's counterclaim in favor of the plaintiff.
The court is mindful of the fact that there is still an obligation from the husband to pay $12,000.00 of attorney's fees. In the event that the husband pays those attorney's fees, then the balance due shall be reduced accordingly. The court further indicates that it has reviewed the judgment and the lump sum alimony payment that was ordered by Judge Driscoll, and it appears to this court to be in the nature of alimony and may not be dischargeable in bankruptcy. See Exhibit I pg. 19 Paragraph 12.
KARAZIN, J.
SCHEDULE A
Claim on Exhibit J $35,430.97
Less interest $4,423.00
Less payment credit in CT Page 445-I favor of defendant ($3,335 paid $2,200 credited) $1,135.00
Less 16.4 hours of over billing on Exhibit 18 (16.4 x $170 per hr) $2,788.00 --------- Total credits $8,346.00
Balance due $27,084.00
 EXHIBIT B ---------
 Amount ------ Year Time Rate Due Expenses Payments Made — — ---- ----- ----- ---- --------- 1987 10.9 $150 1,635. 486.20 $4,480.00
28.3 $170 4,811. CT Page 445-J
1988 145.9 $170 24,803. 5,649.74 2,200.20
1989 120.3 $170 20,451. 4,782.03 2,650.00
1990 22,100.00 ------- --------- --------- 51,700. 10,917.97 31,430.00
Total Charges Incurred: Fees $51,700.00 Expenses 10,917.97 ---------- $62,617.97 Less Amount Paid to Date: -31,430.00 ---------- Amount Due: $31,187.97 Interest added as per Retainer 4,423.00 ---------- Total amount due and owing as of July 1, 1991: $35,430.97 ---------- ---------- CT Page 445-K